IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEAN PATRICK GJERDE,

        Petitioner,

    v.

MARION FEATHER,

        Respondent.

Case No. 3:14-cv-01291-JE

FINDINGS AND RECOMMENDATION

    Douglas M. Bragg
    Millard & Bragg, P.C.
    419 Fifth Street
    Oregon City, Oregon 97045

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Natalie K. Wight, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP's") decision not to release him to a Residential Reentry Center ("RRC") until December 4, 2014. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be dismissed.

## BACKGROUND

Petitioner is a federal inmate serving a 30-month sentence for conspiracy to commit mail fraud and making false statements in mortgage applications. His projected release is June 1, 2015, and the BOP scheduled his transfer to a RRC for December 4, 2014, which is 180 days prior to his release date.

Petitioner learned of his scheduled RRC placement on March 14, 2014. Petition (#2), p. 3. He did not immediately seek administrative relief, and instead waited more than five months before filing this habeas corpus action on August 19, 2014 alleging that the BOP's method of determining an inmate's time to be spent in a RRC should not be correlated with the length of his sentence. He asserts that the BOP has a policy whereby individuals with lengthier sentences enjoy longer placements in RRC's such that the policy violates the Equal Protection Clause. He also claims that Program statement 5531.02 is unlawful. He asks the court to invalidate this policy and require the BOP to expedite his transfer to a RRC.

2 - FINDINGS AND RECOMMENDATION

On September 9, 2014, three weeks after filing this habeas corpus case, petitioner elected to avail himself of his administrative remedies. He began by filing a BP-9 administrative remedy request with the Warden, but this request was summarily rejected the same day solely for procedural reasons. BOP regulations required petitioner to first attempt an informal resolution and submit a BP-8 form signed by his Unit Manager. Because petitioner had not first attempted to resolve his issue informally, the BOP rejected his grievance. Declaration and Certification of Records by Margaret Kallunki, pp. 2-3.

Five days later, on September 19, 2014, petitioner filed a new request for administrative remedy, but on September 24, 2014, he withdrew that request claiming that he had successfully resolved the matter informally. *Id* at 3. Despite representing to the BOP that his matter had been resolved, petitioner did not seek to dismiss this case, which is now under advisement.

## **DISCUSSION**

It is well settled that federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Fendler v. United States Parole Com'n*, 774 F.2d 975, 979 (9th Cir. 1985). While the exhaustion requirement is not jurisdictional, its importance is well established. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).

3 - FINDINGS AND RECOMMENDATION

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id.*; *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982). "Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *Id* (citation omitted); *see also Ward v. Chavez,* 678 F.3d 1042 (9th Cir 2012) (exhaustion waived where request for administrative remedy initially denied based upon official BOP policy and further appeal would have "unquestionably" been denied based upon the same policy).

In this case, petitioner does not allege, nor does the record show, that the BOP rejected his request for administrative relief based upon a policy precluding such claims. Instead, he alleges that exhaustion of his administrative remedies would have been futile because, by the time he filed this habeas corpus case, he did not have enough time to move through the administrative remedy

4 - FINDINGS AND RECOMMENDATION

process to achieve the relief he sought.  But it was petitioner who waited more than five months from the time he learned of the BOP's RRC placement decision to file this action without ever first attempting to avail himself of the administrative review process.  These facts do not render the administrative relief process futile.

In addition, the BOP did not deny petitioner's initial BP-9 based upon an official BOP policy precluding the merits of his claim.  Instead, petitioner did not follow the BOP's clearly established protocol for advancing his administrative appeal.  An inmate cannot defeat the exhaustion requirement by making his request for administrative relief procedurally deficient such that the BOP will not consider its merits.

Moreover, when petitioner later refiled his request for administrative relief, he voluntarily withdrew that request five days later and specifically informed the BOP that the matter had been resolved through his efforts at informal resolution.  This in no way establishes that the administrative review process was futile, and does not justify excusing petitioner from the exhaustion requirement altogether.  Accordingly, the Petition for Writ of Habeas Corpus should be dismissed without prejudice based upon petitioner's failure to exhaust his administrative remedies.[1]

---

[1] Although not necessary to the disposition of this case, even if the court were to exempt petitioner from the exhaustion requirement, the Ninth Circuit previously upheld the BOP's RRC placement policies in *Sacora v. Thomas,* 628 F.3d 1059 (9th Cir. 2010).  In addition, the BOP's decision as to the exact timing of

5 - FINDINGS AND RECOMMENDATION

*See Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011) (dismissal for failure to exhaust should be without prejudice).

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be dismissed, and a judgment should be entered dismissing this case without prejudice.

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  16th   day of December, 2014.

                             /s/ JOHN JELDERKS
                                John Jelderks
                                United States Magistrate Judge

---

petitioner's transfer to a RRC would likely constitute an individualized determination concerning his placement and, as such, is not reviewable by this court. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Moreover, petitioner does not appear to state a valid equal protection claim where he does not allege that the BOP treated him differently than similarly situated prisoners.